AO 91 (Rev. 02/09) Criminal Complaint

ⵔORIGINAL

# UNITED STATES DISTRICT COURT

for the

## Northern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. ~~FILED~~ 11 - 7 0 4 5 6 |
| ROBERT ANTHONY PATTON | ) |
| | ) |
| *Defendant* | |

APR 21 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 04/21/2011 in the county of Sonoma in the Northern District of California, the defendant violated 18 U.S.C. § 2252(a)(4)(B), an offense described as follows:

Possession of Child Pornography

This criminal complaint is based on these facts:

See attached declaration of ICE S.A. Michael W. Brown.

☑ Continued on the attached sheet.

APPROVED AS TO FORM:

OWEN MARTIKAN AUSA

Sworn to before me and signed in my presence.

Date: 4-21-11

City and state: San Francisco, California

_____
*Complainant's signature*

Special Agent Michael W. Brown, ICE/DHS
*Printed name and title*

_____
*Judge's signature*

Hon. James Larson, US Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: ROBERT ANTHONY PATTON

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Michael W. Brown, do swear and affirm as follows:

## I.    INTRODUCTION AND PURPOSE FOR AFFIDAVIT

1.    This affidavit is made in support of an arrest warrant against Robert Anthony PATTON for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The statements contained in this affidavit are based on my experience and training as a Special Agent and the information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that PATTON violated Title 18, United States Code, 2252(a)(4)(B).

## II.    AGENT BACKGROUND

2.    I have been employed as a Special Agent since September, 1997, with Homeland Security Investigations (HSI), with the Immigration and Naturalization Service, and the U.S. Department of Transportation Office of the Inspector General. I have received training and investigated matters pertaining to immigration document and benefit fraud, criminal street gangs, human smuggling and trafficking, terrorism, child exploitation, and other criminal and administrative violations within HSI's jurisdiction. I have worked jointly with many federal, state and local agencies investigating these and

1

other federal crimes. Throughout my career as a Special Agent, I have participated in the execution of numerous arrest and search warrants.

3. I am currently assigned to the Cyber Crimes Group at HSI and am a full-time Computer Forensics Agent. As such, I have received on-going training in digital data recovery and analysis from HSI as well as various private vendors who specialize in computer forensics. This training often emphasizes issues involving child exploitation and its relation to digital media. I have received the following certifications: (1) CompTIA A+ Essentials / IT Technician (August, 2007); (2) Immigration and Customs Enforcement Preliminary and Basic Computer Evidence Recovery Training course (September, 2007); and (3) EnCase Certified Examiner (December, 2010).

## III. APPLICABLE LAW

4. Under Title 18, United States Code, Section 2252(a)(4)(B), it is a crime for any person to knowingly possess any matter containing any visual depiction that has been mailed, or has been shipped or transported using any facility or interstate or foreign commerce or in or affecting interstate or foreign commerce, or that was produced using materials that have been mailed or so shipped or transported by any means, including by computer, if the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and the depiction is of such conduct.

5. Sexually explicit conduct includes, among other things, masturbation, the lascivious exhibition of the genitals or pubic area of any person, and graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex.

2

## IV. FACTS ESTABLISHING PROBABLE CAUSE

6. On April 21, 2011, at about 6:45 in the morning, special agents with ICE/HSI executed a search warrant at 1770 Marlow Road, Santa Rosa, California, 94501. The search warrant, issued by this Court, arose out of an undercover investigation into the use of peer-to-peer file-sharing software to exchange child pornography images and videos via the internet. During that investigation, an ICE special agent in Bakersfield, California, identified a computer located within the Northern District of California that was distributing child pornography video files using file-sharing software in May, 2010. Through investigation of that computer's IP ("Internet Protocol") address, we learned that the computer was using a Sonic.net internet access account registered to the above address.

7. When ICE special agents executed the search warrant, they encountered PATTON and his wife, Jackie Patton. While discussing the search warrant with Jackie Patton, PATTON stated that he knew "what this is about," and that it was about him looking at pictures of naked children on the internet. Agents Mirandized PATTON, and drove with him to the Santa Rosa Police Department for an interview. At the police station agents Mirandized PATTON again, and asked him whether he had been using the internet to access child pornography. PATTON stated that he used a software application called Frostwire to download child pornography from a peer-to-peer network, and that he used search terms such as "PTHC," which he explained stood for "pre-teen hard core," to locate this material. PATTON stated that he generally looked at 10-14 year-old children engaging in various sex acts, and that he did so every two to three days, usually in the bathroom.

3

8. I know that peer-to-peer networks allow computer users to trade and download image and video files with internet-connected computers throughout the world.

9. Agents found a laptop and several thumb drives near the toilet in PATTON's bathroom, and two DVDs in a bathroom vanity drawer in the same bathroom. One of these DVDs contained three video files. An ICE agent viewed one of these video files, which bore the title "(PTHC) BEST! HARD 7yo child abusive sex - PORN - Copy - Copy.mpg." This video file, which is approximately one minute and forty-one seconds long, shows a nude prepubescent girl lying on her back while an adult man inserts his penis into her vagina.

10. While searching for child pornography in PATTON's bedroom, agents found five rifles, five handguns, and a Thompson submachine gun. Several of the firearms were loaded, and one of the handguns has been reported stolen. While searching for computers in a laptop bag in PATTON's hall closet, agents found 11 shrink-wrapped plastic bags of a green, leafy substance that appeared to be marijuana. The bags were labeled with numbers that appeared to indicate a total weight of 900 grams. A San Francisco Police Department SWAT jumpsuit hung in PATTON's closet, where agents were also searching for child pornography.

## V. CONCLUSION

11. Based on the aforementioned facts and information, there is probable cause to believe that on April 21, 2011, in the Northern District of California, Robert Anthony PATTON did knowingly possess matters containing visual depictions that had been shipped and transported using any facility of interstate and foreign commerce and in or affecting interstate or foreign commerce, and that was produced using materials that

4

have been mailed or so shipped or transported by any means, including by computer, that

involved the use of a minor engaging in sexually explicit conduct, and that were

depictions of such conduct, in violation of Title 18, United States Code, Section

2252(a)(4)(B).

      I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct to the best of my knowledge and belief.

                              Michael W. Brown, Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Subscribed and sworn before me on:

4-21-11

Date

                              HON. JAMES LARSON
U.S. MAGISTRATE JUDGE

5